UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH TYRONE CUMMINGS,

        Plaintiff,                  Case No. 1:11-cv-649

v.                                        Honorable Robert J. Jonker

LARRY MASON,

        Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff Keith Tyrone Cummings presently is incarcerated at the Richard A. Handlon Correctional Facility (MTU), though the action he complains of occurred while he was housed at the Bellamy Creek Correctional Facility (IBC). He sues MTU Physician Assistant (PA) Larry Mason.

According to the allegations of the complaint and the attached medical records, Plaintiff has had a persistent lump on his right upper eyelid since about 2004, for which he has been treated by many medical providers. On April 27, 2009, Plaintiff was seen by Defendant PA Larry Mason. At the time of that visit, Plaintiff's right eye was pus-coated and the eyelids had to be pulled apart. According to Plaintiff, Defendant Mason was rude to him, telling him that he was stupid and accusing Plaintiff of failing to clean his eye three times each day. Defendant pulled up Plaintiff's eyelid to expose the redness and then used a Q-tip and a liquid solution to rub against Plaintiff's eye. Plaintiff asserts that Mason was unnecessarily rough and caused Plaintiff pain. After the examination/treatment, Defendant Mason told Plaintiff that the lesion was gone. Plaintiff complained that he could still feel the lesion while Mason rubbed on it. Plaintiff questioned Mason about whether he was a licensed optometrist or ophthalmologist.

For relief, Plaintiff seeks an injunction, together with compensatory and punitive damages.

**Discussion**

Plaintiff's complaint is substantially identical to that filed in *Cummings v. Ventocilla et al.*, No. 1:11-cv-365 (W.D. Mich.). In *Cummings v. Ventocilla*, Plaintiff complained about the treatment of his eye problem, naming twelve Defendants, including Defendant Mason. The

complaint, however, made no specific allegations against any Defendant other than Mason. The substance of the allegations against Mason was identical to the instant case.

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991). In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious.[1] *See, e.g. McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994,

---

[1] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d). Thus, *Cato* and *Pittman* were decided under § 1915(d).

994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See*, *e.g. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Given the similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the complaint in *Cummings v. Ventocilla*, Case No. 1:11-cv-365, the present complaint must be considered duplicative. The complaint therefore is frivolous.

In addition, since the filing of the instant complaint, the action in *Cummings v. Ventocilla* has been dismissed for failure to state a claim. As a consequence, Plaintiff's complaint against Defendant Mason also is barred by the doctrine of res judicata. As the Supreme Court discussed in *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75 (1984),

> Res judicata is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. . . . This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Id.* at 77 n.1. The doctrine of claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause

between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits ; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

As previously discussed, Plaintiff raised identical claims against Defendant Mason in a prior action that has now been dismissed on the merits. All three prongs of the *Allen* test therefore are met. Accordingly, the instant complaint is barred by the doctrine of claim preclusion.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     July 13, 2011              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE